PER CURIAM.
Appellant, Billy Earl Banks, Sr., timely appeals his convictions for ten (10) counts of rape of a female under ten (10) years of age, in violation of section 794.01, Florida Statutes (1965-1971). Appellant claims that the court abused its discretion in denying his seventh motion for continuance, made because his memory expert could not be at trial to testify. There is no record of what the expert’s testimony would be, other than he was to testify on the effect of time on memory in this ease. Nothing in the record shows that this testimony would have been admissible at trial in any event. Considering the factors this court adopted in D.N. v. State, 855 So.2d 258, 260 (Fla. 4th DCA 2003), to determine whether the trial court abused its discretion in denying a defense motion for continuance, we conclude that the court did not abuse its discretion.
Appellant also contends that some of his convictions violate double jeopardy protections. The state concedes that the manner in which appellant was charged in the information creates a double jeopardy violation as to counts seven, eight, and ten. We therefore reverse and remand to vacate his convictions and sentences with respect to those counts. In all other respects, appellant’s convictions and sentences are affirmed.
WARNER, KLEIN and GROSS, JJ., concur.